IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| VICKIE DANIELS, | ) | |
| | ) | No. 08 C 6832 |
| Plaintiff, | ) | |
| | ) | Judge Amy J. St. Eve |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 6

Now comes Plaintiff, Vickie Daniels, by and through her attorneys, Loevy & Loevy, and hereby respectfully responds to Defendants' Motion *in Limine* No. 6 as follows:

In their Motion *in Limine* No. 6, Defendants seek to bar Plaintiff from asserting or implying that the Defendant Officers will be indemnified by the City of any judgment or referring to the City as a defendant.

Plaintiff agrees that she will not make any reference to indemnification of any judgment by the City. However, there is an exception to the general rule that indemnification is inadmissible: if Defendant Officers open the door, for example by intimating poverty or implying that the verdict would work a hardship on themselves or their families. *Lawson v. Trawbridge*, 153 F.3d 368, 378-79 (7th Cir. 1998). Should that occur, Plaintiff should be permitted to establish indemnification:

> In the general case courts exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages award because it knows the government—not the individual defendants-is footing the bill. Here the rationale for applying the general rule dissolved once the defendants made

> their financial weakness the centerpiece of their testimony in the damages phase of the trial. At that point, their direct testimony "opened the door" and the district court should have permitted Lawson to point to [the relevant] indemnification statute.

*Id.* at 379 (internal citation omitted).

Furthermore, the standard analysis regarding the admissibility of indemnification evidence changes should the Defendants attempt to diminish a punitive damage award by putting their finances at issue. As this court has held, "if Defendant Officers offer any evidence of their financial condition, [plaintiff] may present evidence concerning the City's indemnification." *Hill v. City of Chicago*, 2011 WL 3205304, at *4 (N.D. Ill. July 28, 2011) (citing *Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996)). If defendants are allowed to make arguments to the jury revealing that the punitive damages verdict comes out of their pocket, the jury must likewise be told that the compensatory damages award will not. *Delgado v. Mak*, 2008 WL 4367458, at *3-5 (N.D. Ill. Mar. 31, 2008) ("if Defendants choose to 'apprise the jury of the fact that the individual officers will have to bear [punitive] damages out of their own pockets,' then 'fairness would dictate that the jury also be informed of the true situation (indemnification) as to compensatory damages' subject to an appropriate limiting instruction that 'Defendants' finances address punitive damages only'") (citing *Galvan v. Norberg*, 2006 WL 1343680, at *2 (N.D. Ill. May 10, 2006)). *See also Via v. Lagrand*, 2007 WL 495287, at *4-5 (N.D. Ill. Feb. 12, 2007) (Kennelly, J.); *Mohr v. Chicago Reform Bd. of Trustees of the Bd. of Educ.*, 155 F. Supp. 2d 923, 928-30 (N.D. Ill. 2001) (Bucklo, J.).

In addition, Plaintiff requests that a curative instruction be given informing

the jury that any evidence of the officers' finances should be considered *only* in relation to punitive damages. *See Townsend v. Benya*, 827 F. Supp. 2d 868, 874 (N.D. Ill. 2003) (Denlow, J.)

Finally, Plaintiff should not be barred from referring to the City of Chicago as a Defendant because the City is a Defendant on Plaintiff's state law malicious prosecution and intentional infliction of emotional distress claims. The City is properly listed on Plaintiff's proposed Verdict Form as a Defendant, and the jury should be instructed on the City's respondeat superior liability. *See Bruce v. City of Chicago*, 09 C 4837, 2011 WL 3471074, at *3 (N.D. Ill. July 29, 2011) (denying motion *in limine* to strike City from the caption because the plaintiff had state law respondeat superior claims). Illinois Civil Pattern Jury Instruction § 50.01 has sufficed to explain this concept to federal and state court juries for decades. *See, e.g., Baikie v. Luther High School South*, 51 Ill.App.3d 405, 409 (1st Dist. 1977). Defendants have not cited any case law for their argument to the contrary.

Thus, Defendants' Motion *in Limine* No. 6 should be denied.

Respectfully submitted,

/s/ Elizabeth Wang
One of Plaintiff's Attorneys

Arthur Loevy
Jon Loevy
Russell Ainsworth
Elizabeth Wang
LOEVY & LOEVY
312 N. May St., Ste. 100
Chicago, IL 60607
(312) 243-5900