# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6832 | **DATE** | 12/11/2012 |
| **CASE TITLE** | Daniels vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

The Court grants in part, denies in part, and denies in part without prejudice Defendants' motion in limine #6 [131].

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

In their motion in limine #6, Defendants seek to bar evidence or testimony that the City of Chicago will indemnify Defendant Officers for compensatory damages. Defendants specifically maintain that they do not intent to raise their inability to pay or introduce evidence of their personal finances. Also, Defendants maintain that the City will not contest indemnification for compensatory damages for the federal or state law claims in this case.

In general, courts bar evidence of indemnification because it may encourage juries to inflate compensatory damages awards. *See Lawson v. Trowbridge,* 153 F.3d 368, 379 (7th Cir. 1998). Nevertheless, once a defendant opens the door by presenting evidence of his financial condition, evidence of indemnification is permissible. *See id.; Christmas v. City of Chicago,* 691 F.Supp.2d 811, 819 (N.D. Ill. 2010); *see also Kemezy v. Peters,* 79 F.3d 33, 37 (7th Cir. 1996) ("defendant should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab"). Meanwhile, if Defendant Officers present evidence of their financial condition, the Court will give a limiting instruction that their finances only pertain to punitive damages. The Court therefore grants in part and denies in part Defendants' motion in this respect.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Defendants also seek to bar any reference that the City of Chicago is a Defendant. To clarify, in her First Amended Complaint, Daniels brought a claim against the City based on the theory of respondeat superior in the context of her state law malicious prosecution, intentional infliction of emotional distress, and conspiracy claims. Because Daniels has asserted the state law claim of respondeat superior against the City, the Court will not strike the City of Chicago from the caption on the jury instructions or verdict form at this time. *See Bruce v. City of Chicago,* No. 09 C 4837, 2011 WL 3471074, at *4 (N.D. Ill. July 29, 2011). The Court will address whether the City should be included on the actual verdict form and whether a respondeat superior jury instruction is necessary at the final pretrial conference scheduled for January 31, 2013. Thus, the Court denies without prejudice this aspect of Defendants' motion in limine #6.